UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO McCOWAN,<br><br>                    Petitioner,<br><br>          vs.<br><br>WILLIAM T. HAGGETT, Superintendent,<br>Mt. McGregor Correctional Facility,<br><br>                    Respondent. | No. 9:08-cv-01255-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 16] |

At Docket No. 16 Petitioner Antonio McCowan, a state prisoner proceeding *pro se*, has timely moved for reconsideration of the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 entered at Docket No. 15. McCowan does not specify under what rule of procedure he brings his motion; consequently, the Court will treat it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1] A motion under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[2] District courts may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice."[3] McCowan points to no controlling decision or evidence that the court overlooked.[4]

---

[1] *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990) ("[M]ost substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e).").

[2] *Exxon Shipping Co. v. Baker*, 554 U.S. ___, 128 S. Ct. 2605, 2617 n.5 (2008), *citing and quoting* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995).

[3] *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (internal quotation marks omitted).

[4] *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

McCowan continues to argue that charges of which he was convicted were dismissed, an argument this Court, after a careful review of the record, rejected.[5]  First, the Court noted that these claims were not raised in his petition and were not properly before this Court.  Second, the materials submitted by McCowan did not support his position in any event.  The charges dismissed in May 2005 consisted of a felony complaint filed in March 2004, superceded by a prosecutor's information in October 2004 following remand to consider the felonies as misdemeanors.  The two felony charges that were dismissed in September 2005 arose out of conduct that occurred in April 2004 and February–March 2005, for which he was indicted in April 2005.  The charges upon which McCowan was indicted and convicted that gave rise to this matter arose out of conduct that occurred in May 2005.  Consequently, McCowan was not convicted in this case of any charges that had been previously dismissed.

To the extent that McCowan is attempting to challenge the validity of the protective order, that is also a matter that was not raised in his petition and is not properly before this Court.

**IT IS ORDERED THAT** the motion for reconsideration at Docket No. 16 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[6]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Second Circuit R. 22.

Dated:  September 11, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[5] Memorandum Decision, Docket No. 14, p. 2, n.3.

[6] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).